UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: TYRONE HURT,<br>   Petitioner | )<br>)<br>)<br>)<br>) | **MISCELLANEOUS BUSINESS<br>DOCKET NO. 23-91622-IT** |

ORDER
January 17, 2024

  Tyrone Hurt, also known as Tyrone Hunt, is a frequent *pro se* litigant who has had filing restrictions imposed upon him by this federal district court as well as the federal district courts for the District of Columbia and the Eastern District of California. *See* Memorandum and Order 2, *Hunt v. All Neo-Nazis*, C.A. No. 13-11321 (D. Mass. June 20, 2013).

  On November 29, 2023, Hunt submitted a one-page letter accompanied by a five-page complaint which the clerk entered on the miscellaneous business docket as Hunt's Motion for Leave to File Complaint [Doc. No. 2] with Hunt's Complaint [Doc. No. 2-1] as an attachment to the motion. On December 21, 2023, the court denied Hunt leave to file the complaint, finding that he has not demonstrated any reason why the proposed complaint overcomes the filing restriction imposed by the 2013 Memorandum and Order. Order on Motion for Leave to File [Doc. No. 4].

  On January 5, 2024, Hunt filed a Notice of Appeal [Doc. No. 5] and a Motion for Leave to Appeal *In Forma Pauperis*. [Doc. No. 6]. Under the Federal Rules of Appellate Procedure, a person moving for leave to appeal *in forma pauperis* must attach to his motion an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs; (B) claims

an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Under the federal *in forma pauperis* statute, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For these purposes, "good faith" is measured objectively. An "applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958); *see In re Woods*, No. 20-1991, 2021 WL 1799849, at *1 (1st Cir. 2021) (noting that good faith is lacking if appellant has "failed to identify any non frivolous argument on appeal"). An "appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (alterations in original) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)); *see Kersey v. Herb Chambers 1186, Inc.*, No. 18-cv-11110, 2018 WL 11191311, at *2 (D. Mass. May 31, 2018) (discussing the "good faith" standard and boiling down the issue to a question of whether the case deserves "additional judicial attention").

Here, the court finds that the appeal is not taken in good faith. Hurt states, among other things, that he seeks to challenge the court's actions as an "abuse of its discretion." [Doc. 6 a 1]. However, Hurt's motion fails to describe how he believes the court abused its discretion and fails to state the issues he seeks to present on appeal.

Accordingly, the Motion for Leave to Appeal *In Forma Pauperis* is DENIED and the court certifies that the appeal is not taken in good faith. This ruling does not prevent Hurt from seeking permission to proceed *in forma pauperis* on appeal directly from the First Circuit pursuant to Federal Rule of Appellate Procedure 24(a)(5). The clerk shall transmit a copy of this

Order to the First Circuit. *See* Fed. R. App. P. 24(a)(4).

SO ORDERED.

January 17, 2024                                                /s/ Indira Talwani
                                                                    UNITED STATES DISTRICT JUDGE